In the Matter of David Stewart DRAKE, Patricia Mary Drake, Debtors.

R. Arthur LUDWIG, Trustee in Bankruptcy of David Stewart Drake and Patricia Mary Drake, Debtors, Plaintiff,

v.

Ronald L. PARADEIS, Ann E. Paradeis, David Stewart Drake, and Patricia Mary Drake, Defendants.

Bankruptcy No. 81–00709.
Adv. No. 82–0569.

United States Bankruptcy Court, E.D. Wisconsin.

March 31, 1983.

R. Arthur Ludwig, Milwaukee, Wis., for plaintiff.

Edwin J. Bach, Port Washington, Wis., for debtors.

## OPINION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

The issue before this Court, raised on the trustee's motion for judgment on the pleadings, is whether or not the debtors are entitled to exempt property which the trustee has avoided as a preference.

The salient facts are as follows: David and Patricia Drake ("Debtors") are the owners of a homestead located at 420 South Garfield Street, Port Washington, Wisconsin. Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 15, 1982. On December 18, 1981, debtors executed a real estate mortgage to Ronald and Mary Paradeis and the mortgage was thereafter recorded on December 22, 1981.[1] The parties have stipulated that, although the total sum of the real estate mortgage was $9,960, $8,329.58 of this amount constituted a preferential transfer under section 547 of the Code.

The debtors contend that the amount of the preference which the trustee, by the use of his avoiding powers, was able to set aside should be preserved for the benefit of the debtors, not for the bankruptcy estate, for the following reasons:

1. The mortgage avoided by the trustee as a preferential transfer is not property of the estate; and

2. Even if the avoided mortgage was property of the estate, debtors are entitled to claim it as exempt, pursuant to the provisions of Section 522 of the Code.

## IS A PREFERENCE AVOIDED BY A TRUSTEE PROPERTY OF THE ESTATE?

█ The transfer which the trustee has avoided as a preference is property of the estate, by virtue of Section 541 of the Code (property of the estate). Section 541 is very broad and encompasses all kinds of property, including preferences. Under section 541(a)(4),[2] the estate includes any interested property preserved for the benefit of the estate under section 551.[3] The trustee has stated, in paragraph 14 of his complaint, that he is proceeding under section 551 to preserve the avoided transfer for the estate, and section 551 clearly states that a preferential transfer voided under section 547 is automatically preserved for the benefit of the estate. *Norton, Bankruptcy Law and Practice,* Vol. 2, Section 2910 states the following:

"Under Code section 551, an avoided transfer is automatically preserved for the benefit of the estate and becomes part of the estate. The transfers avoided

1. Pursuant to Section 547(e)(1)(A) of the Code, the Court finds that the date of the recording of the real estate mortgage is the date of the transfer, which, in this case was December 22, 1981. Section 547(e)(1)(A) reads as follows:
 "For the purposes of this section—
 (A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; . . . .

2. Section 541 *Property of the Estate*

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
 \* \* \* \* \* \*
 (4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

3. Section 551 *Automatic Preservation of Avoided Transfer*
 Any transfer avoided under section 522, 544, 545, 547, 548, 549, 04 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

include those under section 522 (dealing with exemptions), section 544 (giving trustee status of a lien creditor), section 545 (dealing with statutory liens) and section 547 (permitting avoidance of preferences)."

## CAN DEBTORS EXEMPT PROPERTY RECOVERED BY THE TRUSTEE AS A PREFERENCE?

 Having concluded that the avoided preferential real estate mortgage constitutes property of the estate, the Court next considers the debtor's second contention: that the recovered property may be declared by the debtors as exempt and thereby removed from the estate.

Section 522(g)[4] allows a debtor to exempt property recovered by a trustee to the extent that it could have been exempted had it not been transferred. But if a debtor transferred property voluntarily or in order to conceal it, such property may not thereafter be exempted. Under the facts of the instant case, there does exist an issue of fact as to whether or not the transfer by the debtors was voluntary. Section 522(g) may only be utilized by the debtors if the trustee recovers property under certain specified lien avoidance sections. Section 547 is not one of these sections. However, sections 550 (trustee's right to recover property transferred) and 551 (preservation of avoided transfers) are so included and each contains within it various lien avoidance provisions, among which is section 547 (preferences). This Court does not construe section 522(g) so narrowly as to preclude the debtors from falling within its protection, provided the debtors are able to establish that the transfer was not voluntary. It is therefore clear to this Court that the issue of voluntariness is what must now be decided by this Court.

4. Section 522(g):

"(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted

Because of the fact that section 522(g) is dispositive of the trustee's motion, this Court deems it unnecessary to consider the applicability of the other avoiding provisions to the debtors. For the foregoing reasons,

IT IS HEREBY ORDERED that the trustee-plaintiff's motion for judgment on the pleadings is denied without costs to any of the parties and that an evidentiary hearing as to whether or not the mortgage given by the debtors was voluntary is set before this Court on May 13, 1983 at 9:00 o'clock A.M.

such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or . . . . . ."