**In re David R. OBSHATKIN, Lorraine N. Obshatkin, Debtors.**

**Bankruptcy No. 8300202.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 17, 1983.

Orlando A. Andreoni, Atty., Providence, R.I., for debtors.

Avram N. Cohen, Providence, R.I., trustee.

### DECISION AND ORDER DENYING DEBTORS' MOTION TO CLAIM PROPERTY AS EXEMPT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtors' "Motion to Amend Schedules and Motion to Exempt Same", filed June 15, 1983. The issue to be resolved is whether the debtors may claim as exempt, property which the trustee has recovered as a voidable preference, when said property was the subject of a voluntary transfer by the debtors.

The facts are not in dispute. The debtors filed their Chapter 7 petition on March 17, 1983. In the course of the normal administration of the case, and pursuant to 11 U.S.C. § 547, the trustee avoided certain transfers made by the debtors during the ninety days prior to filing. These transfers consisted of payments made voluntarily by the debtors to several creditors for consumer debts. The trustee has recovered $551.40 of these preferences. After said recovery, the debtors filed the instant motion seeking to amend their exemptions in order to claim the $551.40 as exempt. The motion is denied.

Section 550(a) of the Bankruptcy Code provides that when the trustee avoids a transfer pursuant to § 547, the property transferred may be recovered "for the ben-

efit of the estate." Notwithstanding this section, however, a debtor may claim as exempt property so recovered pursuant to 11 U.S.C. § 522(g), which provides in part:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor . . . .

*See also Ludwig v. Paradeis (In re Drake),* 28 B.R. 582 (Bkrtcy.E.D.Wis.1983).

In the instant case, the debtors' attorney recognizes that § 522(g) allows a debtor to exempt certain property recovered by the trustee only if the debtor's transfer of such property was not voluntary. Debtors' Brief at 5. In the amended agreed statement of facts, however, the parties stipulate that the transfers in question were made voluntarily. Accordingly, the requirement of § 522(g)(1)(A) has not been met, and the debtors' argument that they may exempt the $551.40 pursuant to that section must fail.

Although the trustee has filed a lengthy brief, he fails to address the dispositive issue of the voluntary nature of the transfer by the debtors. Accordingly, for the reasons stated in this decision, but not those provided by the trustee, the relief sought by the debtors is denied.